NATIONAL GUARDIAN LIFE INSURANCE COMPANY, Appellant, v. INDUSTRIAL COMMISSION and another, Respondents.

*November 27, 1964—January 5, 1965.*

200

For the appellant there were briefs by *Spohn, Ross, Stevens & Pick,* and oral argument by *Frank A. Ross, Sr.,* and *Thomas D. Zilavy,* all of Madison.

For the respondent Industrial Commission there was a brief by *Arnold J. Spencer,* chief counsel of the unemployment compensation division, and *Max J. Peltin* of Madison, and oral argument by *Mr. Spencer.*

FAIRCHILD, J.  The word "employee" as used in ch. 108, Stats., is defined in sec. 108.02 (3), as follows:

*"Employe.* (a) 'Employe' means any individual who is or has been performing services for an employing unit, in an employment, whether or not he is paid directly by such employing unit; except as provided in par. (b). If a contractor performing services for an employing unit is an employe under this subsection and not an employer subject to the contribution provisions of this chapter, a person employed by the contractor in fulfilment of his contract with the employing unit shall be considered the employe of the employing unit.

"(b) Paragraph (a) shall not apply to an individual performing services for an employing unit if the employing unit satisfies the commission as to both the following conditions:

"1. That such individual has been and will continue to be free from the employing unit's control or direction over the performance of his services both under his contract and in fact; and

"2. That such services have been performed in an independently established trade, business or profession in which the individual is customarily engaged.

"(c) This subsection shall be used in determining an employing unit's liability under the contribution provisions of this chapter, and shall likewise be used in determining the status of claimants under the benefit provisions of this chapter.

"(d) Any individual who is, under this subsection, an 'employe' of a given employing unit shall be deemed 'employed' by that employing unit for the purposes of this chapter."

The ultimate question is whether Mrs. Wessels, the appli-cant, was an employee of the company under the definition just quoted. As will be seen, the question readily narrows down to whether Ciulla was an employee under that defini-tion.

The company is concededly an "employing unit." Ciulla (and Beebe before him) were contractors, performing ser-vices for the company for pay.[1] Neither of them were employers subject to the contribution provision. At least it has not been claimed nor been found that they were so subject. Mrs. Wessels was employed by them in fulfilment of their contracts with the company. Thus, under the defini-tion, she was an employee of the company if they were its employees.

Under the statutory definition Beebe and Ciulla were employees of the company under paragraph (a) unless the company satisfied the commission as to both conditions 1 and 2 of paragraph (b). The commission has found that the company failed to establish either condition. Unless the evidence compels the finding that both have been met, the commission's decision was properly confirmed by the circuit court.

Apparently the company concedes that its contentions as to Mr. Beebe's relationship are not so well supported as in the case of Ciulla, and that if Ciulla was its employee under the statute, Beebe was likewise.

The company does not attack in any respect those find-ings which describe in detail the relationship between Ciulla and the company. They appear to be fully supported by the evidence. We consider that these findings clearly show that the company reserved to itself and exercised a very sub-stantial degree of control over Ciulla's performance of ser-vices for it. We cannot decide upon this record that as a

[1] See sec. 108.02 (5) (a), Stats., defining "employment" as ser-vice performed by an individual for pay.

matter of law, Ciulla was free from the company's control or direction of the performance of his services.

Since the commission declined to find that condition 1 of sec. 108.02 (3) (b), Stats., was fulfilled and was not obliged to find that it was, it is unnecessary to deal at length with the application to this case of condition 2. We observe, however, that many of the facts which tend to demonstrate the company's right to control and direct Ciulla also help to establish that Ciulla's was not "an independently established trade, business or profession." We express no opinion as to whether or under what circumstances a general agent whose principal business consists of representing a single life insurance company could fulfil both conditions 1 and 2 so as not to be an employee of the company represented.

Paragraph (g) of sec. 108.02 (5), Stats., defining "employment" lists 16 types of service which shall not be deemed "employment" under the act. The company points out that Bill No. 762, A., 1963 session, would have created a 17th exclusion, of service performed by an individual as an insurance agent, for commissions. The bill was passed by both houses, but vetoed. The favorable vote may indicate that there is a considerable body of opinion supporting a change in the law, but the recognition of such an exclusion in the existing law would far exceed the legitimate scope of interpretation.

*By the Court.*—Judgment affirmed.

WILKIE, J., took no part.