PRICE COUNTY TELEPHONE COMPANY, Respondent, v. LORD, d/b/a PRENTICE SWITCHING SERVICE, Defendant: DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS, Appellant.

*No. 319. Argued June 4, 1970.—Decided June 26, 1970.*
(Also reported in 177 N. W. 2d 904.)

708

710

For the appellant Department of Industry, Labor & Human Relations there was a brief by *Arnold J. Spencer*, chief counsel, and *W. H. Putnam* of Madison, and oral argument by *Mr. Putnam.*

For the respondent there was a brief by *Petersen, Axley, Brynelson & Herrick* of Madison, and oral argument by *Floyd E. Brynelson.*

WILKIE, J. The sole issue presented by this appeal is whether Virgil Lord was an employer within the definition of ch. 108, Stats., so as to be liable, rather than Price County Telephone Company, for the duly determined amounts of unemployment compensation contribution.

We are not concerned with the status of Lord as a claimant for unemployment compensation benefits. We

are concerned with his status as a paying employer subject to liability for unemployment compensation contribution.

Our first resort must be to the statute pertaining to the matter in controversy, namely, sec. 108.02 (3), Stats., which provides:

"(3) EMPLOYE. (a) 'Employe' means any individual who is or has been performing services for an employing unit, in an employment, whether or not he is paid directly by such employing unit; except as provided in par. (b). If a contractor performing services for an employing unit is an employe under this subsection and not an employer subject to the contribution provisions of this chapter, a person employed by the contractor in fulfilment of his contract with the employing unit shall be considered the employe of the employing unit.

"(b) Paragraph (a) shall not apply to an individual performing services for an employing unit if the employing unit satisfies the commission as to both the following conditions:

"1. That such individual has been and will continue to be free from the employing unit's control or direction over the performance of his services both under his contract and in fact; and

"2. That such services have been performed in an independently established trade, business or profession in which the individual is customarily engaged.

"(c) This subsection shall be used in determining an employing unit's liability under the contribution provisions of this chapter, and shall likewise be used in determining the status of claimants under the benefit provisions of this chapter.

"(d) Any individual who is, under this subsection, an 'employe' of a given employing unit shall be deemed 'employed' by that employing unit for the purposes of this chapter."

The department's position in construing the statute gives controlling weight to the test set forth in sec. 108.02 (3) (b) 1 and 2, Stats. The department argues that if Price County Telephone Company fails to satisfy the commission that Lord has been and will continue to

be free from Price County Telephone Company control and that the services provided by Lord have been performed in an independently established trade, business or profession, in which he is customarily engaged, then Lord is not responsible for the compensation contributions but rather Price County Telephone Company is. According to the department, this test is stated in the conjunctive and both parts have to be met to the commission's satisfaction in order to avoid placing the responsibility on the Price County Telephone Company. In other words, if Price County satisfies the commission with respect to the two tests as to Lord, who was under a contract to perform service, then Lord becomes an independent contractor of a class less inclusive under the statutory definition than under a common-law definition. The department argues that Price County failed to satisfy the commission as to Lord's meeting these requirements; therefore, Lord was an employee of Price County and the unemployment claimants were by virtue of sec. 108.02 (3) (a) also employees of Price County who should thus be responsible for the compensation contributions.

On the other hand, Price County argues that the statute cannot be construed this way. They point out that par. (a) of the above statute states:

". . . If a contractor performing services for an employing unit is an employe under this subsection and *not an employer subject to the contribution provisions of this chapter,* a person employed by the contractor in fulfilment of his contract with the employing unit shall be considered the employe of the employing unit." (Emphasis added by Price County.)

According to Price County, if Lord is an *employer* subject to the provisions of ch. 108, Stats., then the two tests found in par. (b) of the statute are immaterial and Lord is required to pay the compensation contribution. This was the reasoning adopted by the trial court

and it determined that under the undisputed evidence Lord was an employer. We agree.

The statute seems clear on its face. As applied to the instant case, Price County does not have to pay; Virgil Lord does. We are not here concerned with establishing the right to compensation of the claimants or of Lord. The question is from whom are the claimants entitled to compensation.

In par. (a) the statute provides that if Lord is an employee and not an employer subject to the contribution provisions of the chapter, then Price County would be responsible for the unemployment compensation of the claimants. Thus, two methods are available to Price County to avoid this responsibility: (1) It must either prove to the commission's satisfaction that Lord is not *its employee* and therefore the claimants look only to him for compensation, or (2) that Lord is *an employer* subject to the contribution provisions of the chapter. The conjunctive tests of par. (b) would seem to apply only when the question presented is one of initial coverage, *e.g.*, the tests would apply if Lord himself were claiming unemployment compensation from Price County. Then by establishing that he meets the two tests, Price County could avoid paying him compensation. The tests of par. (b) go to establishing the status of employee.

The department devotes the major part of its brief to arguing that Lord is an employee of Price County Telephone Company and that the circuit court was in error in not applying the conjunctive test found in par. (b). There is little doubt that under these two tests Lord was a statutory employee of Price County Telephone Company. It is apparent that the statutory concept of the employment relation includes individuals who were independent contractors at common law.[1] The entire statutory scheme indicates a desire on the part of the

---

[1] *See* Note, 1941 Wis. L. Rev. 269, 274.

legislature to extend the protection of these laws to those who might not be deemed employees under the legal concepts governing the liability of a master for the tortious acts of his servant.[2]

However, a determination of who should be protected and covered by the unemployment compensation laws does not really answer the question presented by this case: Who pays?

If it can be conceded that Lord was a statutory employee of Price County Telephone Company, that does not necessarily mean that Price County is responsible to the instant claimants. There is nothing in the statute to preclude one from being an employee for purposes of his own unemployment compensation protection and at the same time being an employer subject to the contribution provision of the chapter for the protection of those who work for him. Under this statute these two conditions are not mutually exclusive. If it were impossible to be both at the same time then the phrase "not an employer subject to the contribution provisions of this chapter" in par. (a) would be superfluous. It is submitted that a correct interpretation of this statute is as follows:

Any individual who performs services for an employing unit in an employment is an employee except if he has been and will continue to be free from the employing unit's control over the performance of his services and if these services have been performed in an independently established trade, business or profession in which the individual is customarily engaged. If a contractor per-

---

[2] *See* Asia, *Employment Relation: Common-Law Concept and Legislative Definition,* 55 Yale L. J. (1945), 76, 83; Teple, *The Employer-Employee Relationship,* 10 Ohio State L. J. (1949), 153, 159; *see also* Zankel, *Unemployment Insurance: The Definition of Employee,* 42 St. John's L. Rev. (1967–1968), 508; Willcox, *The Coverage of Unemployment Compensation Laws,* 8 Vanderbilt L. Rev. (1955), 245.

forming services for an employing unit is an employee according to the above definition and is not an employer within the provisions of this chapter, then people working for the contractor are considered the employees of the employing unit of the contractor. Under this interpretation Lord is an employee of Price County but the question remains: Is he an employer subject to the contribution provisions of this chapter? If he is, then the claimants are not considered employees of Price County. If Lord is not an employer subject to the contribution provisions of the chapter, then the claimants are considered employees of Price County.

Both sides rely on the case of *National Guardian Life Ins. Co. v. Industrial Comm.*[3] as authority for their respective positions. That case involved a coverage question of whether a secretary in the office of a general agent of an insurance company was an employee of the insurance company so as to be eligible for unemployment compensation. The company denied she was an employee of the company. The commission and subsequently the circuit court found that the agent was an employee of the company and that the secretary was therefore an employee of the company.

This court, on appeal, noted that the general agent was clearly an employee of the company within the statutory definition since the company exercised control over the performance of his services and there was no independently established trade or business. This court then considered the requirement that the contractor not be an employer subject to the contribution provisions and stated:

"The company is concededly an 'employing unit.' Ciulla (and Beebe before him) were contractors, performing services for the company for pay. *Neither of them were employers subject to the contribution provision. At*

---

[3] (1965), 26 Wis. 2d 198, 131 N. W. 2d 896.

*least it has not been claimed nor been found that they were so subject.* Mrs. Wessels was employed by them in fulfilment of their contracts with the company. Thus, under the definition, she was an employee of the company if they were its employees." (Emphasis added.) [4]

This italicized portion of the decision indicates the court was concerned with the "employers subject to the contribution provision" criterion but in that case it was not claimed that the agent was such an employer. Here the claim is made that Lord was an employer subject to the contribution provision. In other words, in that case the underlying issue was whether the claimant should receive compensation from the employer; here the question is wholly different: From which employer should the claimants receive compensation?

We now consider the crucial question of whether Lord was an employer subject to the contribution provisions of this chapter. The trial court concluded that he was.

It was stipulated that Virgil Lord, d/b/a Prentice Switching Service, had four employees on each of some twenty days during the taxable year, each day being in the different calendar week, counting the total number of individuals employed by him. Virgil Lord does meet the statutory definition of "employer" set forth in sec. 108.02 (4) (d), Stats., which provides, in part:

"(d) Any other employer, who has employed as many as 4 individuals in 'employment' on each of some 20 days during the taxable year, each day being in a different calendar week, counting the total number of individuals who were employed by him in employment for some portion of the day (whether or not at the same moment of time), effective after December 31, 1955, shall become an 'employer' subject hereto as of the start of that calendar year in which such employment occurred."

---

[4] *Id.* at page 208.

Moreover, the evidence presented in this case indicates that Prentice Switching supervised the crew of operators who are now the claimants. It hired the operators. It determined the hours of work and compensation of the operators. It had the responsibility to supervise the work. It paid the operators with checks on its own account. It filed the W-2 forms.

Even if it is conceded that Prentice Switching Service barely fits the popular definition of an employer, the fact remains that it fits the statutory definition as found in sec. 108.02 (4) (d), and as such was an employer subject to the provisions of this chapter. Statutory definitions should be applied in the construction of a statute of which they are a part.[5]

The fundamental objective of unemployment compensation is to mitigate economic loss to the worker and his family.[6] That purpose is not undermined by the statutory scheme recognizing that contractors hired by employing units who may themselves be employees, statutory or common law, may nevertheless be themselves employers subject to unemployment compensation contributions on behalf of their employees.

*By the Court.*—Judgment affirmed.

---

[5] *Rossmiller v. State* (1902), 114 Wis. 169, 89 N. W. 839.

[6] *See Milwaukee Transformer Co. v. Industrial Comm.* (1964), 22 Wis. 2d 502, 126 N. W. 2d 6; *Salerno v. John Oster Mfg. Co.* (1967), 37 Wis. 2d 433, 155 N. W. 2d 66.