Argued June 19, affirmed August 27, 1973

LECTRO LIFT, INC., *Petitioner, v.*
MORGAN, *Respondent.*

513 P2d 526

*Burton H. Bennett,* Portland, argued the cause for petitioner. With him on the briefs were Franklin,

Bennett, DesBrisay & Jolles and Larry N. Sokol, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the briefs were Lee Johnson, Attorney General, John W. Osburn, Solicitor General, and Clarence R. Kruger, Assistant Attorney General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

This is an administrative review appeal from a decision of the state Employment Division affirming a determination of tax liability and estimated tax assessment made by the division for the period January 1, 1969 through June 30, 1971. ORS 657.684; 183.310 to 183.500.

Petitioner Lectro Lift, Inc. is an Oregon corporation that assembles fork trucks and related equipment. It is located at 2949 N.W. St. Helens Road, Portland. Oregon Handling Equipment, Inc. is also an Oregon corporation that is located at the same address. It sells and distributes casters, conveyors, fork trucks, hydraulic lifts and valves, and manufactures related speciality equipment. Both corporations are owned by Lyle H. Vandercook who is the president of each corporation. Oregon Handling has eight to eleven employes and has made regular contributions for these employes under the provisions of the Employment Division Law. ORS ch 657. Lectro Lift has no payroll and makes no contributions under the Act. Evidence showed that during the period in question the employes of Oregon

Handling collectively had spent a substantial percentage of their working hours performing services for Lectro Lift. The employes were paid by Oregon Handling for this time and that corporation's records reflected a transfer of funds from Lectro Lift to Oregon Handling for "wage expense." Based solely on the above data the division determined that Lectro Lift was an employer and assessed tax liability of $2,254.88 by recomputing each employe's payroll records to reflect the percentage of time the employes as a whole had spent on Lectro Lift work. The division credited Oregon Handling's account for the amount charged to Lectro Lift. Because employer's contributions are based in part on the employer's experience rating (ORS 657.430) and because the employer is liable for contributions based on amounts up to a certain maximum paid to each employe each year (for the period in question $3,600) (ORS 657.095), the effect of the division's actions is to make the two corporations' combined tax liability higher than the liability of Oregon Handling under the accounting system they had been using.

The thrust of Lectro Lift's argument is that the division has failed to show that any specific individual has performed services for Lectro Lift. The record reveals that the division's employe who investigated and made the determination of liability was told by the accountant for the two corporations that there were no records that broke down the amount of time spent by each employe of Oregon Handling on the work of Lectro Lift.

ORS 657.040 provides:

"Services performed by an individual for remuneration are deemed to be employment subject to

this chapter unless and until it is shown to the satisfaction of the administrator that:

"(1) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact * * *

"(2) [This subsection designates and defines independently established businesses of the same nature as an exception.]"

ORS 657.025 provides:

"(1) As used in this chapter, unless the context requires otherwise, 'employer' means any employing unit which after December 31, 1971, employs one or more individuals in an employment subject to this chapter in 20 different weeks during any calendar year, or in which its total payroll during any calendar quarter amounts to $225 or more. For periods prior to December 31, 1971, and subsequent to December 31, 1959, 'employer' shall mean any employing unit which employs one or more individuals in an employment subject to this chapter during any calendar quarter in which its total payroll amounts to $225 or more * * *.

"(2) Whenever any helper, assistant or employe of an employer engages any other person in the work which said helper, assistant or employe is doing for the employer, with the employer's actual, constructive or implied knowledge, such employer shall, for all purposes of this chapter, be deemed the employer of such other person, whether such person is paid by the said helper, assistant or employe, or by the employer * * *."

ORS 657.020 (1) provides:

"As used in this chapter, unless the context requires otherwise, 'employing unit' means any individual or type or organization, including any partnership, association, trust, estate, joint stock company, insurance company or corporation,

whether domestic or foreign, or the receiver, trustee in bankruptcy, trustee, or successor thereof, or the legal representative of a deceased person, who has or subsequent to January 1, 1937, had in its employ one or more individuals performing services for it within this state * * *."

ORS 657.015 provides:

"As used in this chapter, unless the context requires otherwise, 'employe' means any person, including aliens and minors, employed for remuneration or under any contract of hire, written or oral, express or implied, by an employer subject to this chapter in an employment subject to this chapter."

■■ When these statutes are read together, they lead us to the conclusion that when an individual performs services for remuneration he or she is an employe and the person or organization for whom the services are performed is an employer under the terms of this Act even if the remuneration is paid indirectly rather than directly unless the "employer" shows that the exceptions described in ORS 657.040 (1) and (2) (quoted and referred to, supra) apply or some other statutory exclusion applies. *See* ORS 657.045; 657.090. *Cf. Golden Shear Barber Shop v. Morgan,* 258 Or 105, 481 P2d 624 (1971); *Baker v. Cameron,* 240 Or 354, 401 P2d 691 (1965); *Culp v. Peet,* 3 Or App 406, 474 P2d 13 (1970). No attempt has been made by petitioner to show that the exclusions of ORS 657.040 (1) and (2) should apply; rather petitioner relies on the contention that there is no showing that any specific individuals performed services for Lectro Lift for remuneration.

Lectro Lift indirectly paid remuneration to various individuals for services performed, and therefore it had employes and was an employer. No records were kept of the actual amounts paid to each individual

despite the requirement of ORS 657.660. ORS 657.660 (1) provides:

"Every employing unit shall keep true and accurate records of all persons employed by it and such records of hours worked, wages paid and other statistics as prescribed by the administrator for the administration of this chapter."

Liability for contributions cannot be avoided by failing to keep records.

Petitioner contends this result is inequitable because it imposes excessive tax liability on these two corporations while affording no commensurate increased protection for the individual employes. Respondent recognizes the apparent inequity of the situation but contends this result is mandated by the statutes.[1]

---

[1] The legislature has apparently foreseen the possibility of such unnecessary double coverage of individuals who customarily work for more than one employer.

ORS 657.475 provides:

"(1) Where a number of workers are normally employed in employment in the course of a year by several employers, such employers, with the approval of the administrator, may appoint an agent who shall maintain such records and prepare and file such returns and reports as are required under this chapter in respect to such workers * * *.

"* * * * *."

This statute makes specific provision in subsection (2) for the determination of an experience rating for the "collective" employer. It also apparently provides that such collective employer need only pay contributions on wages up to one maximum amount and need not pay contributions based on the separate wages allocated to each separate employer. We requested special briefing concerning the applicability of this statute in the case at bar. The supplemental briefs filed in response to this request lead us to no definitive conclusions and we leave open the question of whether the two corporations may appoint an agent and take advantage of its provisions.

We can only construe the statutes we have discussed above to impose liability upon Lectro Lift as a separate employer.

Affirmed.