Argued September 10, reversed September 26, 1974

# COLUMBIA MANAGEMENT COMPANY,
## *Petitioner, v.* MORGAN, *Respondent.*
### 526 P2d 571

*Terry DeSylvia,* Portland, argued the cause for petitioner. With him on the brief were Black, Kendall, Tremaine, Boothe & Higgins, Portland.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the

brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL and SLOPER, Justices.

TONGUE, J.

This is an appeal from a determination by the State Employment Division that plaintiff is an "employer" subject to payment of taxes for unemployment insurance, as required by provisions of the Oregon Employment Division Law (ORS ch 657). The Court of Appeals affirmed that determination. 17 Or App 573, 522 P2d 1396 (1974). We granted plaintiff's petition for review because of concern arising from the fact that taxes under the same statute and for the same employees have already been paid by another "employer."

The facts, as found by the referee of the Employment Division, are as follows:

"(1) The plaintiff, Columbia Management Company, is an Oregon corporation which was formed sometime during the month of January, 1969. (2) It was primarily created to relieve the firm of Rippey, Inskeep, Hess & McFaul, Inc. from the burdens and conflicts of managing mutual funds. (3) Rippey, Inskeep, Hess & McFaul, Inc. hereinafter referred to as 'Rippey', created the mutual funds known as 'Columbia Growth Fund' and 'Columbia Investor's Fund'; Rippey itself is a registered broker dealer with the State of Oregon buying and selling customers' stocks. (4) From its inception until February 1, 1973, plaintiff had no payroll and all services performed for it in the handling of the mutual funds were by employees of Rippey. (5) Until January 4, 1971, this was

under an oral contract, but on that date, plaintiff and Rippey entered into a written agreement (Exhibit No. 5) which, among other things, provided for the following: 'Nothing in this Agreement shall be construed to create an employer-employee relationship. Rippey shall at all times be an independent contractor and the employing unit of the employees used in Columbia's management service.' (6) On January 3, 1972, the agreement was amended (Exhibit No. 6) changing the method of compensation by which plaintiff paid Rippey for the services furnished by Rippey's employees. (7) Rippey charged plaintiff an amount equal to the salaries of its employees (Rippey's) that rendered part-time service to plaintiff plus 10 percent commission which was changed on January 3, 1972 to a flat $50 per month fee. (8) The agreement was terminated sometime during the month of January, 1973, when plaintiff set up its own payroll department and hired its own employees. (9) Although none of the individuals who rendered services to plaintiff did so on a full-time basis, the nature of their work was of such a highly skilled degree that it could not be secured elsewhere other than through Rippey. (10) The services consisted of such things as research, making up and managing portfolios, direct accounting for clients and arranging for banking institutions to hold securities on behalf of clients. (11) The figures shown as wages on the Employer's Quarterly Report of Employes' Wages and Weeks of Work (Exhibit No. 7) for the calendar quarter ending December 31, 1969, are based upon the amount of time spent by the individuals listed thereon rendering services to plaintiff. (12) Rippey reported all of the individual's wages and weeks of work to the Employment Division under its name, paying a payroll tax thereon for the amounts required ($4,200 maximum per individual) and at a favorable tax rate experience to it. (13) Beginning on February 1, 1973, plaintiff's volume of business became such as to require the hiring of

full-time employees which it has done and assumed the usual obligations thereto of an employer (including the reporting of its payroll and paying of tax thereon to the Employment Division). (14) Initially plaintiff and Rippey occupied the same quarters; however, since August, 1971, they have had separate facilities including entranceways and reception areas. * * *"

In its appeal to the Court of Appeals, plaintiff stated that the "question presented on appeal" was whether plaintiff is "entitled to an exemption from the provisions of ORS Chapter 657 under the 'independent contractor' rule as set forth in ORS 657.040."

ORS 657.040 provides as follows:

*"Employment; when service for pay excluded.* Services performed by an individual for remuneration are deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the administrator that:

"(1) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and

"(2) (a) Such individual customarily is engaged in an independently established business of the same nature as that involved in the contract of service; * * *."

In support of its position that it is so exempt plaintiff contended that:

(1) "The individuals performing services on behalf of Columbia during the period of October 1, 1969, to February 1, 1973, were free from control or direction by Columbia over the performance of these services, both by contract and in fact." and

(2) "Rippey was engaged in an independently established business of the same nature of that involved in the contract of service with Columbia."

The Court of Appeals affirmed the "determination" by the State Employment Division and held that the exemption provided by ORS 657.040 was not applicable because plaintiff had not established that the employees involved were "in fact" free from control of plaintiff. It also implied that plaintiff was an "employer" for the purposes of the act despite the fact that Rippey was also an "employer" for the same purposes, citing its previous decision in *Lectro Lift, Inc. v. Morgan,* 14 Or App 316, 513 P2d 526 (1973).

Plaintiff contends on this petition for review that the employees on the payroll of Rippey who performed the work required under the contract between Rippey and plaintiff were completely free from direction or control by plaintiff. The contract between plaintiff and Rippey provided that "Rippey shall at all times be an independent contractor and the employing unit of the employees used in Columbia's management service." In addition, plaintiff offered testimony that Columbia (the plaintiff) did not in any way control the actions of Rippey's employees. The state offered no evidence to the contrary.

■ After reviewing the record, we hold that the Court of Appeals was in error in its holding that plaintiff had not established that the employees involved were "in fact" free from its control. The referee who heard the testimony made no such finding. The fact that plaintiff's chief executive officer was also Rippey's chief executive officer, as stated by the Court of Appeals, does not in our opinion overcome the testimony offered by plaintiff so as to require a contrary result, particularly in view of the fact that the business of Columbia was not the only business handled by Rippey. On the contrary, plaintiff was only

one of several accounts handled by Rippey and plaintiff's business varied from five per cent to 30 per cent of the total business handled by Rippey each month.

Indeed, the only finding or conclusion by the referee on this subject was that the contract between plaintiff and Rippey should not "be used to defeat the purposes of the Employment Division Law" in that Rippey had a better experience rating than plaintiff would have had, as a new employer, with the result that the taxes paid by Rippey were at a lower rate than would have been payable by plaintiff. It is not contended by the state, however, that the contract between plaintiff and Rippey was made other than in complete good faith.

It does not follow, however, that because plaintiff offered sufficient evidence to establish that these employees were free from its direction or control the "services performed" by these "individuals" cannot be "deemed to be employment subject to" this Act. This must necessarily be true because it was not shown by plaintiff that the further requirement of subsection (2) (a) was satisfied, namely that "such individual(s) customarily [were] engaged in an independently established business of the same nature * * *."

■ Plaintiff contends that this requirement was satisfied in that "*Rippey* was engaged in an independently established business of the same nature of that involved in the contract of service with Columbia." It is clear from the provisions of ORS 657.040 (2), however, that the *individuals* who perform the services must be so engaged in order to qualify for the exemption provided by that section of the Act. See *Baker v. Cameron*, 240 Or 354, 365, 401 P2d 691 (1965). Thus,

it is clear that the services performed by these individuals were not within the exemption provided by ORS 657.040 for independent contractors, with the result that such services were properly "deemed to be employment subject to" this Act.

Neither does it follow, however, as contended by the state, that because these individuals were not independent contractors, they must be "deemed" to be the employees of the plaintiff, rather than employees of Rippey, much less that plaintiff is an employer subject to payment of unemployment taxes under this Act.

ORS 657.030 provides that:

"As used in this chapter, unless the context requires otherwise, and subject to ORS 657.035 to 657.067 and 657.075 to 659.090, 'employment' means service for *an employer* * * *." (Emphasis added)[1]

Some courts in other states have held that one who engages an independent contractor to provide employees to perform services for the one who engages

---

[1] ORS 657.025 (1) provides:

"* * * As used in this chapter, unless the context requires otherwise, 'employer' means any employing unit which after December 31, 1971, employs one or more individuals in an employment subject to this chapter in each of 18 separate weeks during any calendar year, or in which its total payroll during any calendar quarter amounts to $225 or more. * * *"

ORS 657.020 also provides:

"*Employing unit.* (1) As used in this chapter, unless the context requires otherwise, 'employing unit' means any individual or type of organization, including any partnership, association, trust, estate, joint stock company, insurance company or corporation, whether domestic or foreign, or the receiver, trustee in bankruptcy, trustee, or successor thereof, or the legal representative of a deceased person, who has or had in *its* employ one or more individuals performing services for *it* within this state. * * *" (Emphasis added)

the independent contractor is himself an employer for the purposes of the unemployment compensation acts of such states. See *Jeffreys-McElrath Mfg. Co. v. Huiet,* 196 Ga 710, 27 SE2d 385, 150 ALR 1200 (1943); *Union Dry Goods Co. v. Cook,* 71 Ga App 708, 32 SE2d 190 (1944); *State v. Dickson Oil Co.,* 196 Okla 495, 165 P2d 979 (1946); and *J. Goldsmith & Sons Co. v. Hake,* 187 Tenn 88, 213 SW2d 15 (1948). In such cases, however, it appears that the state statutes involved included a specific provision to the effect that whenever any employing unit contracts with any contractor for any work which is a part of its usual trade, occupation, profession or business, the employing unit shall be deemed to be the employer of each person employed by the contractor, with certain exceptions.[2]

Courts of some other states have held in cases in which the independent contractor was in fact the employer of the employees who performed the services that the independent contractor was the "employer" for the purposes of those state unemployment compensation acts, rather than the one who engaged the independent contractor. See *Price County Telephone Co. v. Lord,* 47 Wis 2d 704, 177 NW2d 904, 910 (1970); *Gaskin v. Wayland,* 61 Ariz 291, 148 P2d 590, 591 (1944); *Irvine Co. v. California Employment Commission,* 27 Cal 2d 570, 165 P2d 908, 916 (1946); and *Hill*

---

[2] Some of such statutes, apparently to avoid constitutional problems, also apparently include a provision for recovery by the one who engaged the contractor from the contractor of the contribution made under such statutes. See Singer Sewing Mach. Co. v. New Jersey U. Comp. Com'n, 128 NJL 611, 27 A2d 889 (1942). No constitutional contentions are made in this case, however.

See also Levy's Ladies Toggery v. Bryant, 183 Tenn 372, 192 SW2d 833, 836-38 (1946), where the statute precluded double taxation pursuant to its purpose of assuring that at least one but only one "employer" paid the tax; Note, 4 Drake L Rev 28, 30-32 (1954).

*Hotel Co. v. Kinney,* 138 Neb 760, 295 NW 397, 400 (1940). See also *Unemployment Compensation Commission v. Mathews,* 56 Wyo 479, 111 P2d 111 (1941); *George J. Wolff Co. v. Commissioner of Unemp. Comp., etc.,* 24 Wash 2d 62, 163 P2d 179, 184 (1945); *Indian Refining Co. v. Dallman,* 31 F Supp 455 (SD Ill 1940), *aff'd* 119 F2d 417 (7th Cir 1941); and *Texas Co. v. Higgins,* 118 F2d 636 (2d Cir 1941).[9] In some of such cases it appears that the statutes were similar to the Oregon act and did not include any special provisions, such as those included in the statutes of the states in which one who engaged an independent contractor was held to be an "employer" of the employees of the contractor for the purposes of such state acts.

■ We recognize that the purpose of the Oregon act is to deal with the social problem arising from the economic condition of a working man when he becomes unemployed; that the act should be liberally construed so as to deal effectively with that social problem, and that the test of employment under that act is broader than the common law test of employment. See *Unemployment Comp. Com. v. Bates,* 217 Or 121, 128-29, 341 P2d 119 (1959), and *Kirkpatrick v. Peet,* 247 Or 204, 212, 428 P2d 405 (1967). See also Asia, Employment Relation: Common Law Concept and Legislative Definition, 55 Yale L J 76 (1945), and Willcox, The Coverage of Unemployment Compensation Laws, 8 Vand L Rev 245 (1955). For that reason, the provisions of the

---

[9] In addition, see Photographic Illustrations v. Murphy, 389 Ill 334, 59 NE2d 681 (1945), in which the independent contractor who was the employer of the employees involved was held to be liable for payment of unemployment compensation taxes and in which it was noted that the state "did not assess any contributions" against the one who engaged the independent contractor.

See also Note, 21 Neb L Rev 64 (1942), and Note, 10 Geo Wash L Rev 883 (1942).

act have been broadly construed in cases in which it has been contended that the individual persons who perform services are "independent contractors." See *Baker v. Cameron, supra* at 364-66.

■ We also recognize, as held by the Court of Appeals in *Lectro Lift, Inc. v. Morgan, supra,* that one may be the employer of an individual for the purposes of this act even though the wages of such an individual are paid by someone else, either directly or indirectly. We disagree, however, that it necessarily follows, as held by that court in *Lectro Lift,* that both the independent contractor and one who engages an independent contractor can properly be regarded as "employers" for the purpose of payment of unemployment taxes payable for the benefit of the same employees, at least under the facts of this case.

■ The individuals who performed the "services" in this case were hired by Rippey, directed in their work by Rippey and paid by Rippey. They performed such services not only for the benefit of plaintiff under its contract with Rippey, but also performed similar services for various other clients of Rippey. Indeed, the majority of its business was devoted to clients other than plaintiff. In addition, it appears that Rippey paid the unemployment taxes for these individuals during the entire period in question.

■ Under these facts and circumstances, and in the absence of any specific provision in the Oregon statute imposing liability upon one who, in good faith, enters into a contract with an independent contractor for the performance of services by persons employed by the independent contractor, we do not believe that the fundamental purposes of the Oregon act to alleviate the economic problems of workers who become

unemployed would be undermined or subverted by holding that the individuals who perform such services are the employees of the independent contractor who employed them, directed their work and paid their wages, and who has also paid the unemployment taxes required by the fact of their employment by him, and not also the employees of the one who has in good faith engaged the services of such an independent contractor, and that under such facts the one who engaged such an independent contractor is not an "employer" for the purposes of this act. Cf. *Price County Telephone Co. v. Lord, supra* at 911-12. Indeed, the sole result of a holding that plaintiff was such an "employer" during the period in question would be that unemployment taxes would be paid by two "employers" during that period, without any commensurate increase in benefits to the employees involved.[2] It may be that an employee may, under some circumstances, have two employers, but this is not such a case.

For these reasons, we hold that the determination made by defendant to the effect that plaintiff was an "employer" subject to payment of unemployment taxes under the provisions of the act during the period between October 1, 1969 and February 1, 1973 was in error and that plaintiff was not such an "employer" during that period. It follows that we must reverse the decision by which the Court of Appeals affirmed that determination.

Reversed.

---

[2] We have not overlooked the contention by the state that Rippey had a more favorable experience rating for the purpose of computing the rate of unemployment taxes payable for these employees than plaintiff would have had, as a new employer. In our opinion, however, that fact is not sufficient to provide a basis for holding that both Rippey and plaintiff must be taxed for the same period, as contended by the state.