529 P.2d 1264

**HENGGELER PACKING COMPANY, INC., Plaintiff-Appellant,**

v.

**DEPARTMENT OF EMPLOYMENT, Defendant-Respondent.**

No. 11349.

Supreme Court of Idaho.

July 24, 1974.

Weston & Weston, Boise, for plaintiff-appellant.

R. LaVar Marsh, Legal Counsel, Dept. of Employment, Boise, for defendant-respondent.

McQUADE, Justice.

This action involves the issue of whether the plaintiff-appellant, Henggeler Packing Company, is liable under I.C. § 72–1304 [1] for unemployment insurance contributions on the wages of seasonal employees. The appellant is a closely held Idaho corporation with six stockholders. The corporation is engaged in the business of packing prunes, plums and apples, and acts as an agent for the growers in marketing the fruit. The employees in question work on a seasonal basis in the packing sheds and storage facilities.

The appellant packs fruit for approximately forty-two growers, and the group has remained substantially the same since the corporation was formed. Of the six stockholders, four operated fruit producing farms. The percentage of fruit packed for stockholders as compared to non-stockholder growers was not established, but ten growers produce 75–80% of the fruit packed, and three of this group are stockholders.

The growers deliver their fruit to the appellant under a written agreement setting forth the services to be performed and

---

1. Effective January 1, 1972, found in Idaho Sess.Laws, ch. 142, § 1, at 601 (1971).

the charge to be made. The title to the fruit remains in the grower at all times, and the fruit remains segregated as to the grower while in the appellant's possession. The appellant markets the fruit throughout the nation as an agent of the growers. The appellant also rents some equipment to the growers, and there is an interchange of equipment among the growers.

■ Effective January 1, 1972,[2] the definition of agricultural workers found in I. C. § 72–1304 was amended. In its first quarter, 1972 Employer's Quarterly Report to the Department of Labor (Department) the appellant stated that it was not making unemployment contributions for seasonal employees because it believed them to fall within the definition of "agricultural workers." The Department conducted an investigation and determined that the appellant was liable for unemployment insurance contributions for seasonal workers. The determination was appealed to an Appeals Examiner for the Department who upheld the imposition of liability. This action was then appealed to the Industrial Commission and a hearing was held before the referee of the Industrial Commission. Findings of fact, conclusions of law and an order were issued by the Industrial Commission which affirmed the Appeal Examiner's decision. The appeal to this Court is from the findings of fact, conclusions of law and order.

The statutory definition of agricultural worker provides:

"72–1304. *Agricultural labor.*—(a) The term 'agricultural labor' includes all services performed:

\* \* \* \* \* \*

"(4) In the employ of the operator of a farm in handling, planting, drying, packing, packaging, processing, freezing, grading, storing, or delivering to storage or to market or to a carrier for transportation to market in its unmanufactured state any agricultural or horticultural commodities, but only if such operator produced more than one-half of the commodity with respect to which such service is performed.

"(5) In the employ of a group of farm operators (or a cooperative organization of such operators) in the performance of service described in subsection (a) (4), but only if such operators produced more than one-half of the commodity with respect to which such service is performed."[3]

The definition establishes two categories of employers that are exempt from making unemployment insurance contributions: (1) The employer must be a farm operator producing more than one-half of the commodities on which he performs the specified services; (2) the employer must be a group of farm operators or a similar cooperative organization producing over one-half of the commodities on which the specified services are performed.

■ It must first be determined whether the appellant is a farm operator who produced more than one-half of the commodity processed. The Appeals Examiner concluded that the appellant was not a farm operator, but the Industrial Commission's conclusions of law held that,

"[T]he services in question are performed in the employ of the operator of a farm since the plaintiff corporation does operate a farm located on the same property as its packing shed."

The evidence in this action is undisputed. It is therefore a question of law for this Court to determine whether the Industrial Commission made a proper application of the law to the evidence in holding that the appellant was a farm operator.[4]

■ The appellant did not claim to be a farm operator during the Industrial Com-

2. Idaho Sess.Laws, ch. 142, § 15, at 630 (1971).

3. Idaho Sess.Laws, ch. 142, § 1, at 601 (1971).

4. Schindler v. McFee, 69 Idaho 436, 207 P.2d 1158 (1949).

mission hearing, and Gerald Henggeler testified as follows:

"Q Now, the corporation itself, as I understand the testimony from the previous hearing is not a farm owner or operator itself.

"A That is correct. Well, excuse me, may I interject—

"Q —you bet.

"A The way you asked the question I guess we are a farm owner, yes, the corporation is a farm owner. We own the farm where we are located.

"Q On that farm where you are located is fruit grown?

"A No, it is not.

"Q So that none of the fruit processed by the corporation is directly owned by the corporation?

"A That is correct."

There is no testimony concerning the size of the farm upon which the packing and storage facilities of the appellant are located, nor was there any testimony that agricultural commodities were produced on the farm. The statute does not contain a definition of a farm operator, but the term "farm" was defined in I.C. § 72–1304(b):

"As used in subsection (a), the term 'farm' includes stock, dairy, poultry, fruit, fur-bearing animal and truck farms, plantations, ranches, nurseries, ranges, greenhouses or other similar structures used primarily for the raising of agricultural or horticultural commodities, and orchards."

Since the appellant does not raise any commodities that are processed in its packing and storage facilities it was not a farm operator under I.C. § 72–1304(a)(4).

To qualify under the second category of I.C. § 72–1304, it must be determined that the appellant is a group of farm operators or a cooperative organization of farm operators. The conclusions of law by the Industrial Commission stated:

"The plaintiff contends that it is, in actuality, a 'group of farm operators', as mentioned in subsection (5) of the definition, the group being made up of the approximately 42 growers whose fruit is packed by the plaintiff. The record discloses, however, that the plaintiff is a separate legal entity as a general business corporation which employs the individuals whose services are in question, and that legal entity is separate and apart from the farm operators. These operators merely contract with the plaintiff for the services to be performed, and the corporation then employs individuals to perform the services. The individuals are not employed by the separate legal entity which is the plaintiff. The Referee therefore concludes that the services are not exempted from the coverage by subsection (5) of the agricultural definition."

The record reveals that the appellant possesses many of the characteristics found in cooperative associations. The appellant pays rebates to growers in profitable years, but the record does not contain a history of the rebates or the percentage of profits retained or distributed. The second category of employers that are exempt from unemployment insurance contributions includes cooperative organizations, but there is insufficient evidence concerning the appellant's financial structure to conclude that it is a cooperative. The appellant bore the burden of establishing that it came within the exemption,[5] and the Industrial Commission conclusion that the appellant had failed to establish that it was a cooperative organization as set forth in I.C. § 72–1304(a)(5) must be affirmed.

Costs to respondent.

SHEPARD, C. J., and DONALDSON, McFADDEN, and BAKES, JJ., concur.

5. *See*: Sunset Memorial Gardens, Inc. v. Idaho State Tax Commission, 80 Idaho 206, 327 P.2d 766 (1958); Malad Second Ward of Church of Jesus Christ of Latter Day Saints v. State Tax Commission, 75 Idaho 162, 269 P.2d 1077 (1954).