Argued September 18, affirmed October 13, 1975

GROWERS REFRIGERATING CO., *Petitioner, v.*
EMPLOYMENT DIVISION (No. 75-T-10),
*Respondent.*

541 P2d 150

*William G. Purdy,* Medford, argued the cause for petitioner. With him on the brief were Frohnmayer & Deatherage, Medford.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on

64

the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

FOLEY, J.

Petitioner, Growers Refrigerating Co., seeks judicial review of a determination by the state Employment Division that petitioner is an "employer" subject to payment of taxes for unemployment insurance, as required by provisions of the Employment Division Law, ORS ch 657. Petitioner contends that it is within the exclusionary limitations of ORS 657.045(1), (2) (d), exempting the employment of agricultural labor from the Employment Division Law.

Petitioner is an Oregon corporation engaged in the warehousing and cold storage business in Medford, Oregon. With minor exceptions, all of petitioner's stock is owned by the Naumes family which also owns Naumes of Oregon, Inc., and various individuals in the family own several other corporations engaged in the fruit packing business. Naumes of Oregon, Inc., hereinafter Naumes, does all of the accounting, including the payroll, for petitioner and the other family-owned corporations. Petitioner operates refrigerating and storage facilities for the precooling and subsequent storage of fruit packed by Naumes.

During the period of time involved herein, more than 50 percent of the pears handled by petitioner were from orchards managed by Naumes. Petitioner does not own or manage any of the orchards in which the pears handled by it were grown nor has it entered into any lease agreements to manage or operate orchards.

Petitioner contends it is not required to pay

taxes for unemployment insurance because its employes are performing agricultural labor excluded from the Employment Division Law under ORS 657.-045(1), (2)(d). That exclusion defines "agricultural labor" as services performed "[i]n the employ of the operator or group of operators of a farm or farms * * *" in the handling of an agricultural commodity where the operator or operators produce more than one-half of the commodity. Subsection (4) defines "farms" to include fruit farms and orchards.

Petitioner argues that it should be treated as a single entity with Naumes for purposes of the Employment Division Law because it is owned and operated by the same persons who own Naumes. Assuming that Naumes falls within the agricultural labor exclusion as an operator of fruit orchards, petitioner urges it is likewise excluded from the Act.

The record shows that petitioner's business activities were limited to the precooling and subsequent storage of fruit grown by other business enterprises. Its activities did not in any way include production of the fruit. *See Henggeler Packing Co., Inc. v. Department of Employ.*, 96 Idaho 392, 529 P2d 1264 (1974).

The Employment Division properly rejected petitioner's contention that its relationship with Naumes of Oregon, Inc., rendered it an integrated operating unit with the latter corporation and thereby a farm "operator" within the exclusion. It is petitioner's activities as a separate business enterprise which determine whether it is excluded from the Employment Division Law. *See Stivers v. Department of Employment*, 42 Cal2d 486, 267 P2d 792 (1954); *cf. Columbia Management Co. v. Morgan*, 270 Or 109, 526 P2d 571 (1974).

Affirmed.