Argued July 22, affirmed August 17, 1977

SHED CAFE, *Petitioner,*
*v.*
EMPLOYMENT DIVISION et al, *Respondents.*
(No. 77-AB-65, CA 7889)
567 P2d 617

James J. Pomajevich, Philomath, argued the cause for petitioner. With him on the brief was Engel and Pomajevich, Philomath.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

No appearance for respondent Linda S. Cade.

Before Schwab, Chief Judge, and Thornton and Johnson, Judges.

PER CURIAM.

## PER CURIAM.

Petitioner, an employer, appeals from an order of the Employment Appeals Board affirming the decisions of the administrator and the referee and holding that a former employe was not disqualified from receiving unemployment compensation benefits because her termination was not due to misconduct connected with her work. ORS 657.176(2)(a).

ORS 657.176 provides in pertinent part:

"(1) An authorized representative designated by the administrator shall promptly examine each claim to determine whether an individual is subject to disqualification as a result of his separation, termination, leaving, resignation, or disciplinary suspension from work * * *.

"(2) If the authorized representative designated by the administrator finds:

"(a) The individual has been discharged for misconduct connected with his work * * *

"* * * * *

the individual shall be disqualified from the receipt of benefits * * *."

There is evidence in the record to support the findings and conclusion of the Board, which reads:

"FINDINGS OF FACT: (1) The claimant worked for this employer as a cook and waitress from the time the employer took over this business on July 1, 1976 until she was discharged on September 28, 1976. (2) In August of 1976, the claimant had been fired because the employer did not feel she was performing her duties in a proper manner. (3) After further discussion the claimant was allowed to remain on this job. (4) Subsequent to that time the employer again became dissatisfied with her work when she received information from the morning cook that the claimant had failed on September 28, 1976 to clean and mop the floors, put food away and clean the grill and the floor surrounding the grill area. (5) Although the claimant had been a satisfactory employee at other times, the employer terminated the claimant as she was dissatisfied with the manner in which the claimant was performing her duties.

"CONCLUSION AND REASONS: We agree with the decision of the referee. The claimant was discharged but not for misconduct in connection with her work.

"In order to effect a forfeiture of unemployment compensation benefits, the employer must show by a reasonable preponderance of the evidence that the claimant's actions were wilful, conscious and in derogation of the interests of the employer. The employer has not done so in this case as the factors, as related by the employer, which led to the claimant's discharge, are hearsay in nature. The most the employer has shown is that the claimant was negligent or perhaps exercised poor judgment. The employer has not proven a conscious disregard of their interests. A disqualification is therefore not proper in this situation."[1]

Affirmed.

---

[1] *See Babcock v. Employment Division,* 25 Or App 661, 550 P2d 1233 (1976); *Geraths v. Employment Division,* 24 Or App 201, 544 P2d 1066 (1976).