Submitted on record and petitioner's brief May 17, reversed July 18, 1978

GOODWIN, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, *Respondent.*
(No. 77-P-3745, CA 10020)
581 P2d 115

Keith A. Mobley, The Dalles, filed the brief for petitioner. With him on the brief was Phipps, Dunn & Mobley, The Dalles.

No appearance for respondent.

Before Schwab, Chief Judge, and Lee, Richardson, and Joseph, Judges.

LEE, J.

**LEE, J.**

Petitioner seeks reversal of a decision of the Employment Appeals Board (Board) denying her unemployment benefits. The issue is whether there is substantial evidence to support the Board's determination that petitioner committed misconduct in connection with her work, ORS 657.176(2)(a),[1] so as to disqualify petitioner from unemployment benefits. ORS 183.482(8)(d).

Initially, petitioner's claim for benefits was denied and she requested a hearing. The hearings referee set aside the administrator's decision and allowed benefits. An agent of the employer then sought review by the Board. The Board reversed the referee and found that petitioner was disqualified because of misconduct connected with work. ORS 657.176(2)(a).

Although the members of the Board agreed upon the facts, they issued three separate opinions regarding their legal significance. One Board member's decision was that petitioner had been insubordinate and was, therefore, disqualified from benefits on the basis of misconduct alone. A second member concurred in this decision but also found the discharge to be due to a *course* of misconduct (including a record of

---

[1] ORS 657.176 provides in pertinent part:

"(1) An authorized representative designated by the assistant director shall promptly examine each claim to determine whether an individual is subject to disqualification as a result of his separation, termination, leaving, resignation, or disciplinary suspension from work or as a result of the individual's failure to apply for or accept work and shall promptly enter an assistant director's decision if required by subsection (4) of ORS 657.265.

"(2) If the authorized representative designated by the assistant director finds:

"(a) The individual has been discharged for *misconduct* connected with his work, * * *

"* * * * *

the individual shall be disqualified from the receipt of benefits until he has performed service for which remuneration is received equal to or in excess of his weekly benefit amount in four separate weeks subsequent to the week in which the act causing the disqualification occurred." (Emphasis supplied.)

tardiness), rather than a single instance of misconduct. The third member dissented on the ground that a single instance of misconduct was insufficient to disqualify claimant from benefits. Petitioner then filed her petition for judicial review.

The facts, with which all Board members agreed, are as follows:

"(1) The claimant was employed by this employer from September 17, 1975 to September 20, 1977 in the last position as fabric department head at the closing rate of $4.10 an hour. (2) She was irritated by the activities of the head of the adjacent cosmetics department because that department head was away from her station on many occasions in violation of company rules and did not appear to be reprimanded for these violations while the claimant would occasionally get into trouble for minor violations. (3) The conflict between the claimant and the cosmetics department head centered primarily around the claimant being relieved for lunch and coffee breaks by the head of the cosmetics department. (4) On September 20, 1977, the claimant noted that the head of the cosmetics department was away from her work station shopping in other departments. (5) The claimant informed the assistant manager of this violation of company rules. (6) The cosmetics department head was reprimanded by the assistant manager for this activity. (7) Shortly thereafter the claimant and the cosmetics department head met in the warehouse area of the store and an argument ensued. (8) The assistant manager happened upon the two and ordered them to stop "catfighting." (9) The claimant, who was emotionally upset by this and past incidents, followed the assistant manager out of the area and continued insisting that the matter be discussed and was told by the assistant manager to "shut up." (10) The claimant continued to follow the assistant manager and followed her up the stairs to her office, insisting that the assistant manager was not being fair. (11) When the claimant failed to discontinue her rather loud discussion and argument with the assistant manager, she was told she was discharged. (12) Had she ceased the matter when so ordered by the assistant manager, she would not have been discharged."

[ 302 ]

Although it is not mentioned in the findings, testimony had also been received regarding petitioner's record of tardiness. In general, however, the assistant manager stated that petitioner did a good job at work and she had never heard petitoner talk loudly other than that day. Further, the assistant manager testified that she and petitioner were both upset on the day petitioner was discharged. The assistant manager explained that she was upset because she doesn't like "tattletalers" (sic). Petitioner was upset because the employee conflict was not being resolved and she wanted to talk to the manager. The whole incident occurred in approximately 15 to 20 minutes.

■■ A basic tenet of unemployment compensation is that the reserves set aside are to be used to benefit people who become unemployed through no fault of their own. Thus, misconduct within the meaning of the Unemployment Compensation Act requires the employer to show, by a preponderance of the evidence, that claimant's actions were wilful, conscious, and in derogation of the interests of the employer. *Shed Cafe v. Employment Div.,* 30 Or App 639, 567 P2d 617 (1977); *Geraths v. Employment Division,* 24 Or App 201, 204, 544 P2d 1066 (1976). Ordinarily a single instance of misconduct would not disqualify a claimant. *Geraths v. Employment Division, supra* at 205, *quoting* 76 Am Jur 2d 945-47, § 52 (1975).

■ In the instant case, there was a continuing conflict between petitioner and another department head. On the day of the incident, petitioner felt the other department head was acting against the best interests of the employer by shopping on store time, and, that she, petitioner, was being blamed for the argument which ensued when she reported the behavior of the other department head to her supervisor. When told to stop "catfighting," petitioner attempted to explain her actions and was told to "shut up." When petitioner indicated that she was going to talk to the manager, petitioner was discharged. Under these circumstances,

[ 303 ]

petitioner's persistent effort to pursue the matter constituted an isolated instance of poor judgment. This single instance of hotheadedness was insufficient to disqualify claimant from unemployment benefits.

We find no evidence to support the second Board member's opinion that the discharge was due to a course of misconduct. It is true that petitioner had a record of tardiness but from the assistant manager's testimony and the Board's finding, it is apparent that petitioner was discharged because she persisted in talking to the assistant manager, not because of tardiness.

In sum, we agree with the referee's opinion that the discharge in this case did not occur under circumstances that amount to misconduct in connection with petitioner's work within the meaning of ORS 657.176(2)(a).

Reversed.