Argued and submitted May 21, reversed and remanded July 6, 1981

# FLETCHER,
## *Petitioner,*
### *v.*
# EMPLOYMENT DIVISION et al,
## *Respondents.*

## (No. 80-AB-1225, CA 19878)

630 P2d 980

Craig Edwards, Portland, argued the cause and filed the brief for petitioner.

Al J. Laue, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Gresham Community Hospital.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is an unemployment compensation case in which the petitioner was disqualified by the Employment Appeals Board (Board) from receiving benefits because he had been terminated for misconduct. He appeals to this court, claiming that the Board's conclusion that he was discharged for misconduct is not supported by its findings of fact. We agree.

Petitioner was a respiratory therapist employed by Gresham Community Hospital. He was discharged after missing three days of training he had been scheduled to receive at another hospital. The findings of fact of the hearings referee, which the Board adopted as its own, are as follows:

"(1) The claimant was employed as a respiratory therapist by Gresham Community Hospital for approximately 2 years. He was scheduled to go to training at Emanuel Hospital on July 14, 15 and 16, 1980. (2) Approximately 8 days prior to the start of this training, the claimant went to his supervisor requesting that he be excused. (3) Claimant indicated that he was planning to leave this employment at the end of the summer. (4) Claimant understood that he would be told if he had to go. (5) The claimant did not check back with his supervisor. (6) Claimant did not request to be placed back on the schedule for work at Gresham Community Hospital. (7) Claimant did not work or report for training on July 14, 15 and 16, 1980. (8) He was discharged for missing three days of work without notice or excuse. (9) This was the first instance of the claimant missing work without an excuse."

Based upon his findings, the referee then entered the following conclusions, which were also adopted by the Board:

"The claimant was discharged from his employment. An individual who is discharged is subject to disqualification from the receipt of benefits if he is discharged from his employment for misconduct in connection with his work. Misconduct is defined in the provisions of OAR 471-30-038(3).

"The claimant was aware that he was required to go to this training. His schedule had not been changed. He did not check back with the individual in charge of the schedule. Also, a reasonable and prudent person would

have checked back with the supervisor to verify that he did not have to go to this training. His failure to do any of these actions is an indication of his desire to avoid the problem of having to go to the training.

"The employer's desire to standardize the training is a valid goal. This may have been the claimant's first instance of such action as missing work without an excuse, but the deliberateness of the claimant's action removes it from being merely an isolated instance of poor judgment or a good faith error. Misconduct has been established in this matter.

"The Administrative Decision mailed August 28, 1980, is affirmed. The claimant is subject to disqualification from the receipt of unemployment insurance benefits under the provisions of ORS 657.176(2)(a) and OAR 471-30-038 as a result of his separation from the employ of Gresham Community Hospital July 18, 1980. * * *."

■    The problem with the foregoing is that the findings, when focused through the statute and rule upon which the referee and Board relied, do not permit the conclusion the referee and Board reached.

ORS 657.176 provides, in pertinent part:

"(1)   An authorized representative designated by the assistant director shall promptly examine each claim to determine whether an individual is subject to disqualification as a result of his separation, termination, leaving, resignation, or disciplinary suspension from work or as a result of the individual's failure to apply for or accept work and shall promptly enter an assistant director's decision if required by subsection (4) of ORS 657.265.

"(2)   If the authorized representative designated by the assistant director finds:

"(a)   The individual has been discharged for misconduct connected with his work, * * *

"* * * * *

"the individual shall be disqualified from the receipt of benefits until he has performed service for which remuneration is received equal to or in excess of his weekly benefit amount in four separate weeks subsequent to the week in which the act causing the disqualification occurred.

"* * * * *."

The Assistant Director for Employment has promulgated a rule defining "misconduct connected with his work." The rule, OAR 471-30-038(3), provides:

"\* \* \* \* \*

"(3) Under the provisions of ORS 657.176(2)(a) and (b), misconduct is a wilful violation of the standards of behavior which an employer has the right to expect of an employe. An act that amounts to a wilful disregard of an employer's interest, or recurring negligence which demonstrates wrongful intent is misconduct. *Isolated instances of poor judgment, good faith errors,* unavoidable accidents, absences due to illness or other physical or mental disabilities, or mere inefficiency resulting from lack of job skills or experience are not misconduct for purposes of denying benefits under ORS 657.176." (Emphasis supplied.)

The findings in this case show that petitioner, after a conversation with the appropriate supervisor, in fact believed that he was excused from attending a particular three-day training session unless he was later advised by the supervisor that he must go to the session. He was not so advised. The Board explained, "\* \* \* [A] reasonable and prudent person would have checked back with the supervisor to verify that he did not have to go to this training." Given the fact of petitioner's belief, and his credibility, there is no basis for this conclusion. Even if there were, the Board would face the problem of explaining how the failure to check back was something more than a "good faith error," which OAR 471-30-038(3) excuses. The Board's conclusory statement in this case that it was not such an error flies directly in the face of the Board's own findings.

It may be that the Board was motivated in its decision in this case by its finding that, in spite of the fact that he was not going to the training session, petitioner did not request that he be put back on the regular work schedule. Petitioner explained at the hearing that he was told that the schedule was already set. There was no testimony to the contrary, the referee appears to have otherwise believed the petitioner's version of the facts and there is no suggestion that the referee disbelieved this explanation. Viewed in this light, the findings in question cannot justify a conclusion that petitioner was guilty of misconduct. The case must be reversed and remanded for reconsideration in light of this opinion.

Reversed and remanded.