Submitted on record and brief June 2, 1982, reversed and
remanded January 19, 1983

HELMS,
*Petitioner,*
*v.*
EMPLOYMENT DIVISION et al,
*Respondents.*

(No. 82-AB-7; CA A23773)

656 P2d 953

Phil Studenberg, Klamath Falls, filed the brief for petitioner.

Jan Peter Londahl, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Jeld-Wen Door Co.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Petitioner seeks review of an order of the Employment Appeals Board (EAB) denying him unemployment benefits, because he was discharged for misconduct connected with work. ORS 657.176(2)(a). We reverse.

Petitioner was injured off-the-job in May, 1981, and thereafter was under medical care and unable to work. On July 15, 1981, he was seen by his doctor, who told him to return in a month. Petitioner made an appointment for August 17, 1981. He missed that appointment, because he was out of the state for what he termed "a family emergency." When he returned on August 18, he called the doctor's office to make another appointment. The first available date for another appointment was August 31.

Employer believed, on the basis of a form that had been sent by the doctor's office to the employer's insurer, that petitioner had been released for work on August 17. It made several unsuccessful attempts to contact petitioner and then sent him a letter on August 26 notifying him that he was discharged, because he had failed to return to work following his release.

Petitioner was denied benefits when EAB, reversing the referee's decision, found that petitioner had been discharged for misconduct. Although petitioner's assignment of error is that EAB's decision is not supported by substantial evidence, what he actually contends is that the conclusion that he was discharged for misconduct is not supported by the facts as found.

EAB found that on July 15, 1981, petitioner had been told by his doctor to return in one month and that he would "probably" be released to work at that time. A form was sent from petitioner's doctor's office to employer's insurance carrier stating:

"Per last appointment; 7-15-81, Patient is directed to return here in one month; given a work return date of August 17th."

On August 20, employer "discovered" that petitioner was scheduled to return to work on August 17, and it attempted unsuccessfully to contact him by telephone. Petitioner "was discharged August 25, 1981, because he did not return to

work on the date the employer was informed he was scheduled to return and because he failed to notify the employer." His doctor then released him for work on August 31, 1981.

■ EAB concluded that petitioner knew or should have known that the doctor anticipated releasing him after his August 17 examination and should have been aware that the information was communicated to his employer. EAB continued:

"* * * Nevertheless, he traveled to California, missing his doctor's appointment and therefore failing to obtain the necessary work release. There is no showing that any attempt was made to keep the employer informed nor are we persuaded that the trip to California was mandatory. Therefore, we find that the employer has met the burden of establishing misconduct connected with the work by showing the claimant was in wilful violation of the standards of behavior the employer had the right to expect of the claimant and that his failure to act amounted to a wilful disregard of the employer's interest."

OAR 471-30-038(3) provides:

"* * * [M]isconduct is a wilful violation of the standards of behavior which an employer has the right to expect of an employe. An act that amounts to a wilful disregard of an employer's interest, or recurring negligence which demonstrates wrongful intent is misconduct. Isolated instances of poor judgment, good faith errors, unavoidable accident, absences due to illness or other physical or mental disabilities, or mere inefficiency resulting from lack of job skills or experience are not misconduct for purpose of denying benefits under ORS 657.176."

■ EAB found, however, that petitioner was released for work on August 31, not August 17. EAB did not find that he could have returned to work on August 17. Employer was, therefore, in error in believing that petitioner failed to return to work after being released on August 17. The only acts of "misconduct" pointed to by EAB are petitioner's trip to California and the failure to inform the employer that he was not released on August 17. Even if petitioner's course of conduct might be considered misconduct, EAB has failed to address the issue of why petitioner's conduct was not an isolated instance of poor judgment or a good faith error. *See Fletcher*

*v. Employment Division,* 53 Or App 41, 630 P2d 908 (1981); *Goodwin v. Emp. Div.,* 35 Or App 299, 581 P2d 115 (1978). EAB's findings are insufficient to justify a conclusion that petitioner was guilty of misconduct.[1]

Reversed and remanded for reconsideration.

---

[1] Although EAB mentions in its findings that petitioner had received warnings for absenteeism, the record does not disclose any reason for the absences. The only evidence of the reason came in testimony from petitioner's supervisor, who stated that he had told petitioner to take better care of himself. Absences due to illness or injury do not constitute misconduct under OAR 471-30-038(3). EAB did not make a finding as to the reasons for petitioner's previous absences, and this record is not sufficient for such a finding to be made. Therefore EAB's conclusion could not properly be based on a finding that petitioner's absences amounted to a course of conduct.