Argued and submitted June 20, reversed and remanded
for reconsideration November 23, 1983

# HARBAUGH,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

## (82-AB-2118; CA A26759)
672 P2d 62

Robert M. Atkinson, Salem, argued the cause and filed the brief for petitioner.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for Employment Division.

No appearance for Moore Business Forms.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Petitioner appeals from an Employment Appeals Board order denying her unemployment benefits. EAB concluded that petitioner voluntarily left work. We reverse and remand for reconsideration.

Among others, EAB adopted these facts found by the referee. Petitioner was given permission by a supervisor to leave work early on Friday, August 13, because she was emotionally upset over an incident that had occurred between her and another supervisor earlier in the day. She left work with the unexpressed intent to quit. Angry and upset, she went to the unemployment office and filed a compensation claim. In response to an authorized representative's suggestion, she attempted unsuccessfully to contact a supervisor at her place of employment to resolve her work related problems. By that time, she had decided not to quit. Thereafter, as she had told the employment office she intended, she went on a previously arranged vacation. During that time, the Employment Division notified the employer that petitioner had filed a claim. In response, the employer discharged her for leaving work without notification to or permission of a supervisor and for quitting without notification. When petitioner returned from her vacation, she learned from her employer that she had been discharged.

EAB denied petitioner unemployment benefits for the reasons that she had "initiated separation from work by walking off the job and filing a claim for unemployment" and that she had not established good cause for doing so.

There must be a rational relationship between the facts and the legal conclusions on which an agency acts. *McCann v. OLCC,* 27 Or App 487, 493, 556 P2d 973 (1976), *rev den* (1977); *Home Plate Inc. v. OLCC,* 20 Or App 188, 190-191, 530 P2d 862 (1975). In the present case EAB concluded that petitioner quit "by walking off the job and filing a claim for unemployment * * *." The first half of this conclusion is flat *wrong* on the evidence. Petitioner did not walk off the job. She had a supervisor's permission to leave work. Furthermore, the mere act of filing an unemployment claim, without more, does

not amount to a voluntary separation from work.[1] *See* OAR
471-30-038.

Reversed and remanded for reconsideration.

---

[1] The referee concluded that she had not voluntarily left work, but had been discharged. That conclusion was based primarily on the fact that petitioner communicated her intent to quit work only to the local unemployment office and not to her employer, and the record did not indicate that she realized that her intent would be relayed to her employer. The referee reasoned properly that most persons filing a claim for benefits do not appreciate fully how the system works and would not be aware of the fact that employers are notified when claims are initiated by applicants. The referee was troubled also by the fact that the employer actually discharged petitioner and such action would have been unnecessary if she, in fact, voluntarily left work as the employer now contends.