Argued and submitted October 12, reversed and remanded December 19, 1984

MIRANDA,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(84-AB-266; CA A32414)

693 P2d 697

Stacy Heyworth, Certified Law Student, Salem, argued the cause for petitioner. On the brief was Susan P. Howard, Salem.

No appearance for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Claimant was discharged from his employment. He then applied for unemployment benefits, which were denied. At the hearing, the referee concluded that claimant was disqualified, because he was discharged for misconduct connected with his work. ORS 657.176(2)(a). The Employment Appeals Board adopted the referee's opinion. Claimant seeks to reverse EAB's decision, arguing that one finding is not supported by substantial evidence and that the order is not supported by sufficient findings of fact.

The referee's findings of fact, adopted by EAB, are:

"(1) The claimant was discharged from his general labor and chemical application crew work with the above employer after about a month on the job. (2) The claimant was discharged when, following an earlier call-in on July 21, he did not report for work later in the day. (3) The claimant had called in saying that he was having trouble with his car and needed to get it fixed. (4) When asked if he could be expected later in the day, the claimant had responded that he would come in if he could. (5) This remark was interpreted, apparently, as an indication that the claimant would be in later. (6) In fact, the claimant had been having trouble with the car in question for several days. (7) His wife, a day-shift worker at the Stayton Canning Company plant at Brooks, needed reliable transportation. (8) Thus, although he could have walked to work in ten minutes or so on the day in question, the claimant had opted to work on the car instead, but didn't say so specifically to the employer. (9) Because the car had multiple problems and the claimant was not completely organized to begin the work immediately, he anticipated that it would take all day, which it did."

Claimant contends in his first assignment of error that finding (9) is not a reasoned inference from the testimony and is therefore not supported by substantial evidence. *City of Roseburg v. Roseburg City Firefighters,* 292 Or 266, 271, 639 P2d 90 (1981), set out the following as two stages for review of findings which embody inferences:

"* * * (1) whether the basic fact or facts are supported by substantial evidence, and (2) whether there is a basis in reason connecting the inference to the facts from which it is derived. It is a twofold review for substantial evidence and, in a sense, for 'substantial reason,' * * *. [Citations omitted.]

"On judicial review, the court will not substitute its judgment for that of the agency in drawing an inference, but the court must be satisfied that agency judgment has actually been exercised. * * *"

The basic facts are that claimant called his employer to say that he was staying home to have his car fixed and that he would come into work later if he could. Claimant testified that he did not know exactly what was wrong with the car at that time, had no money and had to seek help from friends. Although the finding that claimant anticipated that the work on the car would take all day is not compelled by these basic facts, we think it is a reasonable inference from the testimony.

■　　Claimant's second assignment argues that EAB erred in finding him guilty of misconduct when his actions did not amount to more than an isolated instance of poor judgment or a good faith error. OAR 471-30-038(3) defines misconduct:

"Under the provisions of ORS 657.176(2)(a) and (b), misconduct is a wilful violation of the standards of behavior which an employer has the right to expect of an employe. An act that amounts to a wilful disregard of an employer's interest, or recurring negligence which demonstrates wrongful intent is misconduct. Isolated instances of poor judgment, good faith errors, unavoidable accidents, absences due to illness or other physical or mental disabilities, or mere inefficiency resulting from lack of job skills or experience are not misconduct for purposes of denying benefits under ORS 657.176."

After stating the facts found, reproduced above, the referee's decision reasoned:

"Although it is reasonably clear that the claimant did not promise to come to work later in the day of July 21, the claimant's failure to state that he intended to take the day off to work on his car (when he could have gotten to work in a reasonably prompt manner without it) was a wilful violation of expectable standards of employe behavior under the circumstances. A worker may be expected to put non-compelling personal problems aside and report for work as scheduled when reasonably able to do so.

"The claimant's discharge having followed immediately upon this incident, it is unnecessary to determine whether other incidents constituted 'misconduct' or in any way [to] contribute a finding of 'misconduct.'"

In concluding that claimant's behavior constituted disqualifying misconduct, EAB failed to address whether the behavior was anything more than an isolated instance of poor judgment or a good faith error. A finding on that question is necessary under the Employment Division's rule to support an order disqualifying a claimant for misconduct connected with work. *Home Plate, Inc. v. OLCC,* 20 Or App 188, 530 P2d 862 (1975). Because EAB failed to address the issue of why claimant's conduct was not an isolated instance of poor judgment or a good faith error, its findings are insufficient to support the conclusion that claimant was discharged for misconduct. *Helms v. Employment Division,* 61 Or App 363, 656 P2d 953 (1983); *Fletcher v. Employment Division,* 53 Or App 41, 630 P2d 908 (1981).

Reversed and remanded for reconsideration.