Argued and submitted October 13, reversed and remanded for reconsideration
December 4, 1986

## DESCHUTES COUNTY,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION et al,
*Respondents.*

(85-AB-1958; CA A38760)

728 P2d 950

Karen H. Green, Deschutes County Legal Counsel, Bend, argued the cause and submitted the briefs for petitioner.

David C. Force, Eugene, argued the cause and submitted the brief for respondent Cooper.

No appearance for Employment Division.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Employer seeks judicial review of an Employment Appeal Board (EAB) order reversing a referee's decision that Cooper was disqualified from receiving unemployment compensation benefits because he was discharged for work-related misconduct. ORS 657.176(2)(a).[1] Employer contends that Cooper's insubordination was misconduct as a matter of law and that the EAB erred in concluding that he was not discharged for misconduct. The facts, which are supported by substantial evidence in the record, are not in dispute. The only issue is whether there is a rational connection between EAB's findings of fact and its legal conclusions. *See Harbaugh v. Employment Division,* 65 Or App 582, 584, 672 P2d 62 (1983). We reverse and remand for reconsideration.

The referee found:

"(1) Claimant was employed from July 1, 1978, until June 2, 1984, as a Resident Deputy Sheriff for Deschutes County in Redmond, Oregon. (2) On March 28, 1984, at claimant's request, a meeting was held in the Redmond Substation with the Redmond Chief of Police, two officers of the Police Department and claimant, relative to alleged misconduct of a Redmond Police Department detective. (3) Because of prior negative result drug raids, claimant felt there was an informant in the Redmond Police Department who was advising certain members of the community that they were being investigated by the Department. (4) As a result, claimant was instructed by the Deschutes County Sheriff to make an investigation, which he did, completing it on April 18, 1984. (5) On May 7, 1984, claimant submitted a written

---

[1] ORS 657.176(2) provides, in relevant part:

"An individual shall be disqualified from the receipt of benefits * * * [if] the individual:

"(a) Has been discharged for misconduct connected with work * * *."

The Division has promulgated a rule interpreting ORS 657.176. OAR 471-30-038(3) provides:

"Under the provisions of ORS 657.176(2)(a) and (b), misconduct is a wilful violation of the standards of behavior which an employer has the right to expect of an employe. An act that amounts to a wilful disregard of an employer's interest, or recurring negligence which demonstrates wrongful intent is misconduct. Isolated instances of poor judgment, good faith errors, unavoidable accidents, absences due to illness or physical or mental disabilities, or mere inefficiency resulting from lack of job skills or experience are not misconduct for purposes of denying benefits under ORS 657.176."

report to the Sheriff regarding the investigation (Exhibit 8). (6) The Sheriff did not feel the report was adequate, and on May 9 gave claimant specific oral instructions concerning what was needed to supplement the report. (7) Specifically, the Sheriff wanted names, dates and places of the individuals that claimant had contacted as a part of his investigation. (8) When the additional information was not forthcoming by May 14 or 15 (claimant having been given an additional day), a letter was directed to him on May 17, advising that his failure to have the reports completed by May 18 would result in a five day suspension pending a pre-termination hearing (Exhibit 5). (9) Claimant failed to furnish the information and, although he was notified of a pre-termination meeting to be held on June 2, 1984, at the Sheriff's Office in Bend, Oregon, claimant did not attend. (10) On June 4, 1984, claimant was notified of his discharge for insubordination in failing to furnish the names, dates and places of individuals he had contacted during the investigation made by him of the Redmond Police Department Detective. (11) Claimant maintained that he did not have to divulge the names of the individuals, as they were confidential informants. (12) Claimant felt to reveal the names of the individuals whose information he had taken in confidence would enable the Sheriff to in turn advise the Redmond City Police Chief of such names, who would then inform the member of his department under investigation, and that repercussions including bodily harm could result to claimant and/or members of his family. (13) During the course of Police Academy training, sometime during his employment, claimant had been advised that confidential informants' names should not be revealed as being the sources of information."

On the basis of those findings, the referee concluded that Cooper was discharged for work-related misconduct:

"Although claimant may have honestly felt that there was a privilege of confidentiality that extended even to his not divulging the names of informants to the Deschutes County Sheriff, there is no such privilege shown to have existed in the record and claimant's refusal was a direct act of insubordination. Claimant's feeling that, somehow, the names of the individuals if revealed by him, would, through various channels of communication result in possible repercussions to claimant or others physically is, of course, mere speculation."

The referee also concluded that Cooper's insubordination was not an excusable "isolated instance of poor judgment."

"Claimant had previously completed numerous reports as part of his duties, including involving other law enforcement officers, and his failure in this instance to furnish the additional information as sought by the Sheriff, would not constitute an isolated instance of poor judgment, good faith error or inefficiency resulting from lack of experience. Claimant's refusal in this instance goes far beyond an incidental incidence of inefficiency on the part of an employe."

EAB adopted the referee's findings of fact. However, it inexplicably ignored his specific conclusions that Cooper's refusal was "a direct act of insubordination," stating only:

"*If,* in fact, the claimant's failure to notify the employer about the names of his confidential informants was misconduct, this record does not establish that his actions were more than an isolated instance of poor judgment. For this reason we would not find misconduct. Although in many cases, the degree of one's insubordination may permit a finding of misconduct based upon a single incident, the circumstances in this case do not support a disqualification." (Emphasis supplied.)

One EAB member dissented. He explained:

"I find it hard to determine how the employer could continue a law enforcement department if its various employees are free to choose what directives they will follow or not follow. Additionally, the claimant's actions go beyond the single instance situation. In the past the claimant had refused several orders, refused to attend the pre-dismissal hearing, and generally was insubordinate in regard to the instructions he received from the employer. I would agree with the referee that misconduct has been shown."

For meaningful judicial review, EAB's order must fully explain why the facts found lead to its decision. *See Home Plate, Inc. v. OLCC,* 20 Or App 188, 190-191, 530 P2d 862 (1975). If EAB's reasoning rationally leads from the facts to its conclusion, we will not overturn it. *McCann v. OLCC,* 27 Or App 487, 495, 556 P2d 973 (1976), *rev den* (1977). In this case, EAB's order is devoid of explanation. It adopts the referee's findings of fact but it then ignores his conclusion of misconduct without stating its reason for arriving at a different conclusion. The order does not answer the basic question of whether Cooper was guilty of work-related misconduct. It only states that "if" it was misconduct, Cooper still may not be disqualified, because "this record does not establish that

his actions were more than an isolated instance of poor judgment."

On this record, it appears clear to us that, as a matter of law, Cooper's insubordination was work-related misconduct. EAB's order gives no hint of why it concluded that Cooper's conduct was an isolated instance of poor judgment. The uncontradicted evidence in the record shows that it was not an isolated instance in that his insubordination persisted *long after* the issue first presented itself. Lacking more than a conclusory statement, EAB's findings do not rationally lead to the determination that Cooper was eligible for benefits. *See Miranda v. Employment Division,* 71 Or App 462, 466, 692 P2d 697 (1984).[2]

Reversed and remanded for reconsideration.

---

[2] Cooper moved to dismiss this appeal as moot, because he has already exhausted the benefits available to him under EAB's ruling. Employer may have a statutory remedy available to recover those payments. *See* ORS 657.315(1)(b) and (2). We decline to dismiss.