Argued and submitted January 14, affirmed May 6, 1987

In the Matter of the Notice of
Determination of Hidden Springs
Premium Oregon Wines.

HIDDEN SPRINGS WINERY, INC.,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION,
*Respondent.*

(85-T-163; CA A40545)

736 P2d 217

Alvin Alexanderson, Lake Oswego, argued the cause and filed the brief for petitioner.

David Schuman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Petitioner seeks review of an order of the Employment Division which determined that, for employment tax purposes, petitioner is a subject employer with respect to its winemaking activities. We affirm.

We take our facts from the referee's opinion. Petitioner is a "Subchapter S" corporation. Its stated purpose is "to operate a winery and to engage in any other lawful activity whatsoever." Petitioner leases two acres of land, including the winery and a 1.5-acre prune orchard. The winery produces about 7,000 gallons of wine annually. Don Byard and his wife and Alvin Alexanderson and his wife are equal shareholders in the corporation. In addition, the Byards individually own and tend about 15 acres of vineyard; the Alexandersons individually own and tend about two acres of vineyard. By contract, the winery is obligated to buy and the Byards and Alexandersons are obligated to sell all of the grapes they produce. Together they grow more than 50 per cent of the grapes processed by the winery. Petitioner also buys grapes from two other growers.

Although all four of the shareholders are also officers and directors of the corporation, only Mr. Byard and Mr. Alexanderson manage the winery. They make decisions that affect the quality, quantity and nature of their individual vineyard crop, including how much pruning is done, when the grapes are to be picked and what insecticides are used. Those decisions are vital to the quality of wine produced and to the profitability of the winery. However, the decisions are made for the benefit of the winery, and not out of any right or obligation the winery has to manage, direct or control the individual vineyards.

During the grape harvesting season, six individuals are hired to pick grapes for four days over a two-week period. Three people are hired in the winery to process the grapes into wine. When the employees are performing services for the winery, the winery pays them; when the services are performed for the vineyards, the individual vineyard owners pay them. The winery pays the vineyard owners at the time of harvest for picking costs. The grapes and the wine produced from them are kept separate, and the growers are paid, on a quarterly

basis, a percentage of the price for which the wine sells. Wine is sold at the winery as well as distributed to retail outlets.

The referee held that petitioner did not meet its burden of showing that winemaking services are exempt from employment taxation as "agricultural labor."[1] Petitioner does not argue that the referee's findings are not supported by substantial evidence, *see* ORS 183.482(8)(c), or that he did not adequately reason his conclusion. *See Miranda v. Employment Division,* 71 Or App 462, 464, 692 P2d 697 (1984). Petitioner's sole argument is that the referee erred as a matter of law in holding that the winemaking services are not exempt agricultural labor. Petitioner argues that the services are exempt under one or all of three subsections of ORS 657.045.

■ Under ORS 657.045(3)(a), exempt "agricultural labor" includes all services performed

"[o]n a farm, in the employ of any person, in connection with cultivating the soil, or in connection with raising or harvesting any agricultural or horticultural commodity * * *."

Petitioner argues that winemaking services are exempt under that subsection, because the services were performed on a prune farm, even though they were in connection with raising or harvesting grapes. Even if this argument has merit, petitioner failed to raise it below, and we decline to consider it. *See Saxon v. Div. of State Lands,* 31 Or App 511, 514, 570 P2d 1197 (1977).

■ Petitioner's second argument is that winemaking services are exempt under ORS 657.045(3)(b), which provides that "agricultural labor" includes all services performed

"[i]n the employ of the owner or tenant or other operator of a farm, *in connection with the operation, management, conservation, improvement or maintenance of such farm * * *.*"

We disagree. Even if, as petitioner argues, it is an "operator of a farm" because of its prune-growing operations, the winemaking services were not performed "in connection" with the *prune-growing* operation. The mere fact that the winery is located on the prune farm does not establish the necessary

---

[1] Petitioner also grows prunes. The referee ruled that services rendered with respect to prune production are agricultural labor and excluded from employment taxation under ORS 657.045(3)(a). The division does not challenge that ruling.

connection. Similarly, even if petitioner "operates" the individually-owned vineyards, the winemaking services are at best remotely "connected" to the operation, management, conservation, improvement or maintenance *of the vineyards.*

■  Petitioner's final argument is that the winemaking services are exempt "agricultural labor" under ORS 657.045(3)(d), which includes all services performed

> "[i]n the employ of the operator or group of operators of a farm or farms (or a cooperative organization of which such operator or operators are members) in * * * processing * * * in its unmanufactured state, any agricultural or horticultural commodity, but only if such operator or group of operators produced more than one-half of the commodity * * * with respect to which such service is performed."

It is undisputed that more than half of the grapes processed by petitioner come from the Byards' and the Alexandersons' vineyards. The division also concedes that petitioner was "processing" the grapes. The two issues are (1) whether petitioner is a qualifying employer, *i.e.,* whether petitioner "operates" the vineyards or is a "cooperative organization" of which operators are members, and (2) whether the grapes were processed in their unmanufactured state. If we answer either question in the negative, then petitioner is not entitled to an exemption.

In *Naumes of Ore. v. Employment Div.,* 23 Or App 57, 62, 541 P2d 141, *rev den* (1975), we held that the word "operator" includes anyone actually exercising control over farm production:

> "It is apparent that the ordinary meaning of the word operator includes anyone actually exercising the control over farm production. * * * Here, it is undisputed that petitioner exercised complete responsibility for the production of fruit it managed and that they [*sic*] yielded more than 50 percent of the fruit packed at its packing house. Hence, petitioner was an operator of those farms within the agricultural labor exclusion."

Petitioner argues that *Naumes* controls here, because "[t]he facts as found by the referee are that petitioner exercises control over wine-growing." We disagree with petitioner's characterization of the referee's findings of fact. The referee

did not find that petitioner exercised control over grape production. Instead, he found that the individual landowners made cooperative decisions for the benefit of the winery in order to make the business work, "not out of any right or obligation the winery has to manage, direct, or control the individual orchards * * *." Petitioner's status more closely resembles that of the petitioner in *Growers Refrig. v. Employment Div.,* 23 Or App 63, 541 P2d 150 (1975). There, the petitioner's activities

> "were limited to the precooling and subsequent storage of fruit grown by other business enterprises. Its activities did not in any way include production of the fruit. * * *

> "It is petitioner's activities as a separate business enterprise which determine whether it is excluded from the employment division law." 23 Or App at 65.

Here, petitioner's activities do not include production of the fruit but are limited to processing the grapes into wine and storing and selling the wine. For these reasons, we conclude that petitioner is not an "operator of a farm."

Petitioner argues in the alternative that it is a "cooperative organization" of which "operators" (the Byards and Alexandersons) are members. The state concedes that the vineyard owners "operate" the vineyards. However, even if the legislature intended to include in the term "cooperative organization" organizations other than cooperative corporations, *see* ORS 62.005 *et seq* (the Oregon Cooperative Corporation Act),[2] we agree with the referee that the record is insufficient to show that applicant is a "cooperative organization" with a "membership." The mere fact that four vineyard owners are shareholders in a Subchapter S corporation is not sufficient.

Because we hold that petitioner failed to prove that it is an operator of a farm or a cooperative organization of which farm operators are members, we need not decide whether the grapes were processed in their unmanufactured state.[3]

---

[2] Petitioner concedes that it is not a statutory cooperative corporation.

[3] The division also argues that, even if petitioner satisfied all the requirements of ORS 657.045(3)(d), the winemaking services nonetheless are not exempt, because it is undisputed that petitioner retails at least 25 percent of its wine at the winery. *See* ORS 657.045(4)(c). Although it appears that the division is correct on this point, we do not base our decision on it, because it was not raised below.

Affirmed.