ROBERT HANSEN TRUCKING, INC., Plaintiff-Appellant,†

v.

LABOR & INDUSTRY REVIEW COMMISSION, Department of Industry, Labor & Human Relations, and Michael R. Overholt, Defendants-Respondents.

Court of Appeals

*No. 83–2294. Argued July 30, 1984.—Decided November 14, 1984.*
(Also reported in 360 N.W.2d 698.)

† Petition to review granted.

For the plaintiff-appellant, there were briefs and oral argument by *Daniel R. Dineen* of *Dineen & Alexander,* of Milwaukee.

For the defendants-respondents, there was a brief by *Glenn E. Kelly.* Oral argument by *Glenn E. Kelly.*

On behalf of the Wisconsin Motor Carriers Association, an amicus curiae brief was submitted by *Jon P. Axelrod* and *Douglas L. Flygt* of *DeWitt, Sundby, Huggett, Schumacher & Morgan, S.C.,* of Madison. Oral argument by *Jon P. Axelrod.*

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.  This case involves an unemployment benefit claim filed by Michael R. Overholt who was a truck driver hired by Donald Laupp to operate Laupp's semi-tractor truck while it was leased to Robert Hansen Trucking, Inc.  The circuit court affirmed the Labor and Industry Review Commission's determination

that Hansen Trucking was the employing unit responsible for Overholt's benefits. We agree and affirm.

On January 18, 1982, the Department of Industry, Labor and Human Relations issued an initial determination that Hansen Trucking was the employing unit of Overholt and therefore responsible for payment of the unemployment benefit claim of Overholt. Hansen Trucking appealed this determination to the department's appeal tribunal, which affirmed the initial determination that Hansen Trucking was the employer for unemployment compensation purposes. Hansen Trucking appealed the department's ruling to the Labor and Industry Review Commission (LIRC), which affirmed the department's appeal tribunal. LIRC also denied Hansen Trucking's request for reconsideration.

Hansen Trucking then petitioned the circuit court for judicial review. The circuit court affirmed, ruling that LIRC acted according to law and within its powers and that LIRC's findings of fact were supported by credible and substantial evidence. We agree and affirm the circuit court's judgment.

The issues in the case are: (1) is an individual truck driver, whose services accompany the leasing of a vehicle to a trucking company, an employe of the lessee-trucking company or of the lessor-truck owner, and (2) is LIRC's decision that Overholt was an employe of the lessor, Hansen Trucking, supported by credible and substantial evidence on the record as a whole?

The essential facts are not in dispute. Laupp leased his truck to Hansen Trucking by written agreement dated January 2, 1981. The lease included driver services. Laupp paid the driver on a per mile basis as reflected by trip reports completed by the driver. Laupp maintained the payroll records regarding the driver and deducted payroll taxes, benefits and insurance from the driver's wages. Under the lease, Laupp also was re-

sponsible for the truck's operating costs, including fuel, fuel taxes, empty mileage, oversize permits, mileage permits, detention charges and base plates. In exchange, Hansen Trucking agreed to pay eighty-two percent of the gross revenues to Laupp. Hansen Trucking performed the dispatching duties. However, on many occasions, Laupp would be given a choice as to which loads his driver should run. Overholt was the third driver hired by Laupp to provide driver services under the lease with Hansen Trucking. When the operation failed to show a profit, Laupp discharged Overholt and put the truck up for sale. Overholt then applied for unemployment compensation benefits.

Hansen Trucking contends that LIRC incorrectly interpreted sec. 108.02(3)(e), Stats., in finding Hansen Trucking to be Overholt's employing unit. Hansen Trucking argues that its legal relationship with Laupp must first be determined under sec. 108.02(3)(e) before the status of the employe Overholt can be determined. Under this approach, Hansen Trucking contends that Laupp was not its employe, and, therefore, Overholt also cannot be its employe.

LIRC contends that Overholt's status must be determined by first applying the test recited in sec. 108.02 (3)(a), Stats., and then considering whether Overholt falls within either exception stated in subsections (b) or (e).

Section 108.02(3)(a) and (e), Stats., provides as follows:

(a) "Employe" means any individual who is or has been performing services for an employing unit, in an employment, whether or not the individual is paid directly by such employing unit; except as provided in par. (b) or (e).

. . . .

(e) Paragraph (a) does not apply to a contractor who, in fulfillment of a contract with an employing unit,

employs any individual in employment for which the contractor is subject to the contribution or reimbursement provisions of this chapter.

The determination as to whether a given set of facts fulfills a particular legal standard is a question of law. *Nottelson v. DILHR*, 94 Wis. 2d 106, 115–16, 287 N.W.2d 763, 768 (1980). The construction of a statute also presents a question of law. *Wisconsin Department of Revenue v. Milwaukee Brewers Baseball Club*, 111 Wis. 2d 571, 577, 331 N.W.2d 383, 386 (1983). While the conclusions reached by the department's appeal tribunal or the commission are not binding upon a reviewing court, *Stafford Trucking, Inc. v. DILHR*, 102 Wis. 2d 256, 260, 306 N.W.2d 79, 82 (Ct. App. 1981), great weight is to be accorded to the construction and interpretation of a statute by an administrative body charged with the duty to apply such statute. *Calumet County v. Labor & Industry Review Commission*, 120 Wis. 2d 297, 300, 354 N.W.2d 216, 218 (Ct. App. 1984). While a reviewing court is not bound by an administrative agency's conclusion on a question of law, if the agency's legal conclusion is reasonable, the reviewing court will sustain the agency's view even though an alternative view may be equally reasonable. *Id.* The conclusion of the agency must, however, serve the purpose of the statute. *De Leeuw v. DILHR*, 71 Wis. 2d 446, 449, 238 N.W.2d 706, 709 (1976). On appeal, our standard of review is the same as that of the circuit court. *Calumet County*, 120 Wis. 2d at 300, 354 N.W.2d at 218.

Hansen Trucking relies on cases[1] which dealt with the statutory language of sec. 108.02(3), Stats., before certain amendments.[2] The statute then read:

[1] *Sears, Roebuck & Co. v. DILHR*, 90 Wis. 2d 736, 280 N.W.2d 240 (1979); *Price County Telephone Co. v. Lord*, 47 Wis. 2d

"Employe" means any individual who is or has been performing services for an employing unit, in an employment, whether or not he is paid directly by such employing unit; except as provided in par. (b). If a contractor performing services for an employing unit is an employe under this subsection and not an employer subject to the contribution provisions of this chapter, a person employed by the contractor in fulfillment of his contract with the employing unit shall be considered the employe of the employing unit.

Sec. 108.02(3)(a), Stats. (1977). This statute contained an internal exception relating to the employment status of a contractor. If the contractor was an employe of the employing unit and not an employer for unemployment compensation purposes, the contractor's employe, hired to fulfill the contractor's obligation to the employing unit, was also the employing unit's employe. Thus, the statute required a threshold determination of the employment status of the contractor vis-a-vis the employing unit.

The present statute omits any reference to a contractor in subsection (a) and, instead, creates a "contractor exception" in subsection (e). We conclude that this deletion leaves subsection (a) with a clear and unambiguous meaning on its face. The statute applies to "any individual" who performs services for an employing unit, in an employment. Overholt was clearly an employe under this language. The remaining question is whether Overholt comes within one of the exceptions recited in subsections (b) or (e).

Section 108.02(3)(e), Stats., by its clear language, excepts only certain *contractors* from the statutory defi-

704, 177 N.W.2d 904 (1970); and *National Guardian Life Insurance Co. v. Industrial Commission*, 26 Wis. 2d 198, 131 N.W.2d 896 (1965).

2 These changes were effected by ch. 221, Laws of 1979.

nition of an "employe" set forth in subsection (a). It does not, in any sense, address the status of employes in the position of those such as Overholt. Nothing in the present statutory language supports Hansen Trucking's argument that the employment status of both Laupp and Overholt must be determined under subsection (e) before subsection (a) can be applied. Accordingly, LIRC's interpretation and application of this case under sec. 108.02(3) (a) and (e) was correct.

The next question is whether the exception recited in subsection (b) applies:

Paragraph (a) shall not apply to an individual performing services for an employing unit if the employing unit satisfies the department as to both the following conditions:
   1. That such individual has been and will continue to be free from the employing unit's control or direction over the performance of his services both under his contract and in fact; *and*
   2. That such services have been performed in an independently established trade, business or profession in which the individual is customarily engaged. [Emphasis added.]

LIRC found that Overholt was not free from Hansen Trucking's control or direction over the performance of his services, within the meaning of paragraph (b)1. These findings are supported by substantial and credible evidence in the record. Hansen Trucking held the operating authority and was the beneficiary of Overholt's services. Indirectly, Hansen Trucking paid for Overholt's wages by virtue of its lease payments.[3] Furthermore, it was not shown that Overholt performed such services in his own independently established trade,

---

[3] Section 108.02(3)(a), Stats., does not require direct payment from the employing unit to the employe.

business or profession within the meaning of paragraph (b) 2.[4]

Hansen Trucking contends that LIRC simply assumed that Hansen Trucking, rather than Laupp, was the employing unit for which Overholt's services were performed. This is not, however, supported by an examination of the appeal tribunal decision adopted by LIRC. In addition to the evidence previously noted as supporting the claim that Hansen Trucking was the employing unit, the appeal tribunal decision also considered the facts that Laupp owned the truck and that Overholt received his pay directly from Laupp. Thus, the appeal tribunal and LIRC selected between alternative reasonable interpretations of the evidence. The interpretation is supported by credible and substantial evidence and is consistent with the purpose of the statute.[5]

We conclude that LIRC's interpretation and application of sec. 108.02 (3), Stats., in finding Hansen Trucking to be the employing unit of Overholt to be correct. We further conclude that the factual determinations of the commission are supported by credible and substantial evidence.

*By the Court.*—Judgment affirmed.

---

[4] This fact sets this case apart from *Star Line Trucking Corp. v. DILHR*, 109 Wis. 2d 266, 325 N.W.2d 872 (1982), because the drivers in *Star Line* owned their own trucks. This fact was apparently not at issue in *Star Line* since the decision dwells only on the question of the degree of control or direction exercised by *Star Line* over the drivers.

[5] *See* sec. 108.01, Stats., which sets forth the public policy declaration for Wisconsin's unemployment compensation law.